**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

MARY PERRYMAN,

                Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, L.L.C., a Kansas limited liability company,

                Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.     Venue is proper in this Judicial District.

4.     The acts and transactions alleged herein occurred in this Judicial District.

5.     The Plaintiff resides in this Judicial District.

6.     The Defendant transacts business in this Judicial District.

### PARTIES

7.     Plaintiff Mary Perryman is a natural person.

8.      The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant National Credit Adjusters, L.L.C., is a Kansas limited liability company operating from an address at 327 W. 4th Street, Hutchinson, Kansas, 67501.

12.     The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly attempts to collect debts alleged to be due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.     Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal payday loan account owed to Allied Cash Advance (hereinafter the "Account").

2

19.     The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.     The Account went into default with the original creditor.

21.     After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.     After the Account went into default with the original creditor the Defendant alleges that it purchased the Account.

23.     The Plaintiff disputes the Account.

24.     The Plaintiff requests that the Defendant cease all further communication on the Account.

25.     The Defendant's collector(s) were employee(s), representative(s) and/or agent(s) of the Defendant at all times mentioned herein.

26.     The Defendant acted at all times mentioned herein through its employee(s), representative(s) and/or agent(s).

27.     In the year prior to the filing of the instant action the Defendant placed the Account for collection from the Plaintiff with Defendant's agent(s) including JDS Recovery, L.L.C..

28.     The Defendant has derivative liability for the actions of its agent(s) including - JDS Recovery, L.L.C..

29.     The Defendant attempted to collect the Account from the Plaintiff directly and/or indirectly via its agent(s) including JDS Recovery, L.L.C..

30.   In the year prior to the filing of the instant action the Defendant attempted to collect the Account directly and/or indirectly from the Plaintiff including via its agent(s) - JDS Recovery, L.L.C..

31.   In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including JDS Recovery, L.L.C. had telephone conversation(s) with the Plaintiff regarding the Account.

32.   The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

33.   The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

34.   The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

35.   The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including JDS Recovery, L.L.C. had telephone conversations(s) with the Plaintiff regarding the Account in connection with the collection of the Account.

36.   The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including JDS Recovery, L.L.C. left voicemail message(s) for the Plaintiff regarding the Account in connection with the collection of the Account.

37.   During the communication(s) regarding the Account in the year prior to the filing of the instant action the Defendant and/or representative(s), employee(s) and/or

agent(s) of the Defendant including JDS Recovery, L.L.C. while attempting to collect the Account represented to the Plaintiff that they were taking her to Court on the Account, that a civil lawsuit had been filed against her in the El Paso County Court regarding the Account, that she would be getting served with a Court Summons from her county on the Account, that a Court Judgment had been entered against her on the Account in the El Paso County Court, that a warrant had been issued for her regarding the Account, that she had committed fraud on the Account, that there was a criminal case with multiple criminal charges pending against her in the El Paso County Court regarding the Account and that she would be arrested regarding the Account if she did not pay the Account.

38.   The Defendant's representations stated in paragraph 37 were false and were false representations in connection with the collection of a debt, the Account.

39.   During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that she had to pay a $9.95 processing fee for each payment that she made on the Account to the Defendant via its agent(s).

40.   The Defendant's representation stated in paragraph 39 was false and was a false representation in connection with the collection of a debt, the Account.

41.   Upon information and belief the Defendant and/or its agent(s) including JDS Recovery, L.L.C. kept written documentation and / or computer record(s) that

document telephone conversations(s) with the Plaintiff regarding the Account and voicemail message(s) left for the Plaintiff by the Defendant regarding the Account in the year prior to the filing of the instant action.

42.   Upon information and belief the Defendant and/or its agent(s) including JDS Recovery, L.L.C. made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

43.   Upon information and belief the Defendant and/or its agent(s) including JDS Recovery, L.L.C. made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

44.    Upon information and belief the Defendant and/or its agent(s) including JDS Recovery, L.L.C. has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

45.   Upon information and belief the Defendant and/or its agent(s) including JDS Recovery, L.L.C. has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

46.    Upon information and belief the Defendant and/or its agent(s) including JDS Recovery, L.L.C's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

47.  The Defendant and its representative(s), employee(s) and / or agent(s) including JDS Recovery, L.L.C.'s action(s) constitute harassment or abuse and violate FDCPA 1692d preface and d(2).

48.  The Defendant and its representative(s), employee(s) and / or agent(s) including JDS Recovery, L.L.C.'s statement(s) and/or action(s) constitute false and/or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(7) and e(10).

49.  The Defendant and its representative(s), employee(s) and / or agent(s) including JDS Recovery, L.L.C.'s statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

50.  "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

51.  "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

52.  As a consequence of the Defendant's and its agent(s) including JDS Recovery, L.L.C.'s collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

**RESPONDEAT SUPERIOR**

53.    The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

54.    The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

55.    The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

56.    The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

57.    The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

58.    The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

59.    The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

60.    As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

**RESPONDEAT SUPERIOR**

61.    JDS Recovery, L.L.C. was an agent of the Defendant at all times mentioned herein.

62.    JDS Recovery, L.L.C. was acting within the course of its employment with the Defendant at all times mentioned herein.

63.    JDS Recovery, L.L.C. was acting within the scope of its employment with the Defendant at all times mentioned herein.

64.    JDS Recovery, L.L.C. was under the direct supervision of the Defendant at all times mentioned herein.

65.    JDS Recovery, L.L.C. was under the direct control of the Defendant at all times mentioned herein.

66.    The actions of JDS Recovery, L.L.C. are imputed to its employer, the Defendant.

67.    As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

68.    The previous paragraphs are incorporated into this Count as if set forth in full.

69.    The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692d preface, d(2), § 1692e preface, e(2)(A), e(4), e(5), e(7), e(10), § 1692f preface and f(1).

70.    Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.   Judgment in favor of the Plaintiff and against the Defendant.

2.   Damages pursuant to 15 U.S.C. § 1692k(a).

3.   Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.   Post Judgment Interest.


Respectfully submitted,

_s/ David M. Larson_ _____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff